EASTERN DIS.
*January.* 1834.

MYERS *vs.* SLACK.

MYERS
*vs.*
SLACK.

APPEAL FROM THE FOURTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Where a cause, depending mainly on matters of fact, had been submitted to five juries, and three verdicts had been given for the plaintiff, and the two other juries were unable to agree, and on appeal the cause was remanded for a new trial, and a fourth verdict was afterwards had for the plaintiff on the second appeal, the Supreme Court refused to set aside the verdict.

This cause was brought by the owner of a slave named Joe, drowned while in the defendant's employ, to recover of him the value of the slave.

This cause is now before this court on second appeal. It was remanded for a new trial on the previous appeal, because the Supreme Court were unable to agree with the three juries who had found verdicts for the plaintiff. For a statement of the facts and the opinion of this court on the first appeal. *See* 5 *La. Rep.* 53.

On the sixth and last trial in the inferior court, in addition to the testimony which had been offered on the previous trials, and which was all read by consent, several witnesses were produced for the first time.

*Lambremont,* for the plaintiff, testified that on the trip on which the negro Joe was drowned, the witness was in the skiff with him and Ross, who commanded. As they passed plaintiff's house, he hailed them and asked where they were going, to which the reply was that the defendant was sick and they were going to obtain wine and other things for him. No jug was given to Joe by the plaintiff as they passed, nor did they stop there but at another plantation where Joe borrowed the jug, nor did they see plaintiff after passing his house. Ross who was intoxicated the day Joe was drowned did not oppose Joe in getting the jug. Joe likewise was drunk when witness left the boat and had been the day previous.

*Baddeaux,* for plaintiff, testified that near midnight of the night when the slave was drowed, Ross came to his house intoxicated.

*Brent,* for defendant, testified that after Joe's death, by defendant's request, he informed plaintiff that the defendant's illness had been the occasion of Joe's trip, that Joe had gone after medicine. Plaintiff replied it made no difference about the fifteen days exactly, and he did not blame the defendant for having sent him. Plaintiff said his jug of whiskey had been safely brought to him. The navigation of the bayou was not dangerous.

The jury found for the plaintiff for five hundred and fifty dollars. The judge *a quo* refused to grant a new trial. He remarked that had the case been submitted to him, he might and probably should have come to a different conclusion.

*Morgan* and *Labauve,* for defendant and appellant.

*Burk, contra.*

MATHEWS, J., delivered the opinion of the court.

This suit is brought to recover the value of a slave which was hired by the plaintiff to the defendant. The claim is made on account of the loss of said slave who was drowned whilst in the service of the defendant, and whilst he was employed in a manner not authorised by the contract of hiring: The petitioner further alleges that the death of his slave occured in consequence of negligence and want of ordinary care on the part of a person under whose direction he was placed by authority of the defendant.

This is the second time the case has been before the Appellate Court, and the plaintiff and appellee now appears aided by four verdicts in his favor, having obtained three before the cause was first before this court, and one since it was remanded for a new trial.

The evidence which comes up on the present appeal, does not differ very materially from that which appeared on the record on the former. An additional witness testified

18

EASTERN DIS.
*January, 1834.*

Where a cause depending mainly on matters of facts, had been submitted to five juries, and three verdicts have been given for the plaintiff, and the two other juries were unable to agree, and on appeal the cause was remanded for a new trial, and a fourth verdict was afterwards had for the plaintiff, on the second appeal the Supreme Court refused to set aside the verdict

on the last trial in the court below, and his testimony does give a coloring to the whole evidence of the case, rather more unfavorable to the defendant, than was exhibited previously. A correct adjustment of the dispute between the parties depends mainly on matters of fact, and as four juries have decided these matters in favor of the plaintiff, we are of opinion that the judgment of the court below ought not again to be disturbed.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court, be affirmed with costs.